[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter comes before the court on defendant's motion to dismiss dated July 12, 1993.
Defendant's motion and memoranda of law rely upon section 46b-93 of the Uniform Child Custody Jurisdiction Act ("UCCJA") or, in the alternative, section 46b-97 of said Act.
The marriage of the parties was dissolved in California on April 23, 1984. The defendant husband then moved to Indiana, and the plaintiff wife and the three minor children moved to Connecticut.
In 1986, the defendant moved for custody of the oldest daughter. This was granted. The two younger children stayed with the plaintiff in Connecticut. The plaintiff filed the California decree in Connecticut. CT Page 2991
In May, 1989, the plaintiff filed a motion for modification of child support. This was followed by defendant's motion for custody in September, 1989. The Connecticut court ordered a custody study be conducted by its Family Relations Division.
The parties entered into a stipulation in March, 1990 in which joint custody was awarded and physical custody of the two minor children was given to the defendant father and further granted to the plaintiff mother broad and extensive visitation rights in Connecticut. The stipulation further provided that Family Relations would review the custody arrangement three (3) months prior to the children's first full academic year under defendant's custody.
In 1991, in accordance with the stipulation, the plaintiff filed a motion to review. This motion could not be heard because defendant took the children to Europe for approximately ten (10) months. He returned to this country in July, 1992, and resumed residing in Indiana.
In November, 1991, plaintiff filed a motion for contempt and filed a motion for modification of custody in January, 1992. Defendant returned from Europe and on April 7, 1992 a hearing was held before Judge Moraghan who found the defendant in contempt for taking the children out of the country. Further, a Yale Child Custody study was ordered.
All of the above proceedings since 1989 have been filed in Connecticut. There are no pending motions in any other jurisdictions.
The plaintiff claims that Connecticut has continuing jurisdiction under the provision of section 46b-93(a)(2) in that it is in the best interests of the children that the court assume jurisdiction because of significant connections in this State and that there is substantial evidence in the State concerning the children's present and future care.
The issue presented here, in spite of the lack of a proceeding in a sister state, is not whether jurisdiction exists in Connecticut, but rather whether it should be declined pursuant to the UCCJA. This is the same issue presented in Brown v. Brown, 195 Conn. 98 (1985). CT Page 2992
The court went on to state in Brown supra, that it is the policy in Connecticut to assume that litigation concerning custody of the child take place ordinarily in the state in which the child and the family have the closest connection.
At page 109, the court continues that the "home state factor" was never intended to tip the balance of factors toward a new forum.
Certainly, the history of this case dictates that Connecticut is the more convenient forum, in spite of the fact that it may not be the home state. Indiana does not present to this court a forum which has significant connection given the defendant's ten (10) month "sabbatical" in Europe.
Having concluded that Connecticut can exercise jurisdiction under the UCCJA, the court further finds that it also satisfied the requirement of the Parental Kidnapping Prevention Act in that it has made a custody determination, retains subject matter jurisdiction as one of the parties resides in Connecticut.
The motion to dismiss is denied.
Mihalakos, J.